IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICKY D. LARRY,
    Plaintiff,

v.                                  Case No.: 5:16cv107/LAC/EMT

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This case is before the court upon "Plaintiff's Unopposed Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ["EAJA"]" (ECF No. 22). Plaintiff seeks an award of EAJA fees in the total amount of $5751.73, as well as printing costs in the amount of $56.52, for a total award in the amount of $5,808.25. The Commissioner has no objection to the amounts sought by Plaintiff (*see id.*).

- <u>Eligibility for Award of Fees, Expenses, and Costs</u>

Subsection (d) of Title 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses, in addition to any costs awarded under subsection (a), provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or

against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

"Fees of the clerk" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be "tax[ed] as costs." 28 U.S.C. § 1920(1), (4). Section 2412 directs that the "costs pursuant to subsection (a)" are paid by the Secretary of the United States Treasury. 28 U.S.C. § 2412(c)(1) (indicating that these costs are "paid as provided in section[] 2414"); *id.* § 2414 (stating that payment of final judgments "shall be made on settlements by the Secretary of the Treasury").

In this case, there is no disagreement between the parties as to Plaintiff's minimal net worth or her status as a "prevailing party." To be sure, as to the latter factor, in Shalala v. Schaefer, 509 U.S. 292 (1993), the Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), as did Plaintiff in this case, was the prevailing

party and as such was entitled to attorney fees and expenses under the EAJA.[1] Moreover, the parties do not contest the timeliness of the instant motion. Additionally, the parties do not dispute—and the court finds—that the Commissioner's position was not substantially justified (*see* ECF No. 17). Finally, the court concludes that no special circumstances make an award unjust, especially considering that the Commissioner agrees EAJA fees should be paid in this case. Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Here, Plaintiff's counsel ("Petitioner") seeks an award based upon hourly rates of $192.68 and $195.95 for work performed on Plaintiff's behalf in 2016 and 2017, respectively, based upon changes in the Consumer Price Index ("CPI") (*see, e.g.*, ECF

---

[1] *See* ECF Nos. 17, 18, 21 (reversing the Commissioner's decision and remanding for further administrative proceedings pursuant to sentence four).

No. 22 at 3). The undersigned concludes that the rates requested are reasonable. *See, e.g.*, Brungardt v. Comm'r of Soc. Sec., 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based upon an hourly rate of $147 for work done in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)); Perdue v. Colvin, No. 1:12cv229/GRJ, 2014 WL 345696, at *1 (N.D. Fla. Jan. 30, 2014) (awarding compensation under the EAJA at hourly rates of $184.32 and $186.55 for work performed by counsel in 2012 and 2013, respectively, and noting, "While applying cost-of-living adjustments to petitions for EAJA fees is in the discretion of the Court, the Eleventh Circuit has instructed that this application is 'next to automatic.'") (quoting Meyer v. Sullivan, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992)); *see also, e.g.*, Greene v. Colvin, No. 5:12cv242/MMP/EMT, 2014 WL 518932, at *1–2 (N.D. Fla. Feb. 10, 2014) (awarding compensation under the EAJA at hourly rates of $184.38 and $186.63 for work performed by counsel in 2012 and 2013, respectively); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006)

(finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the CPI, for work performed in 2004 and 2005); <u>Facine v. Barnhart</u>, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed from 2001 through 2004).

The undersigned also concludes that the total hours expended by Petitioner on Plaintiff's behalf, as now agreed upon by the parties (originally 31.3, but reduced slightly by agreement between the parties (*see* ECF No. 22 at 3 & n.1)), are reasonable. Accordingly, a fee award in the total amount of $5,751.73 is appropriate, plus costs in the amount of $56.52.

- <u>Whether the Award is Payable to Plaintiff or Petitioner</u>

The remaining question concerns to whom the EAJA award is payable. In <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* <u>Reeves v. Astrue</u>, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against

that award.  Ratliff, 560 U.S. at 596.[2]  The award in this case is therefore properly payable to Plaintiff, as the "prevailing litigant," assuming an award remains after any qualifying debts have been satisfied.  The court will, however, recommend that any award be mailed to Petitioner's office, so that Petitioner and Plaintiff may mutually implement their fee agreement without this court's involvement.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's Unopposed Motion for Attorney's Fees and Costs pursuant to the Equal Access to Justice Act (ECF No. 22), be **GRANTED** as follows:

1.    Plaintiff shall recover fees in the amount of $5,751.73, for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA).  The fee award is subject to an offset to satisfy any qualifying outstanding debt that Plaintiff may owe to the United States.  Costs in the amount of $56.52 shall also be awarded to Plaintiff, to be paid from the Judgment Fund administered by the United States Treasury.

2.    If Plaintiff receives all or any portion of the EAJA fee award, it shall be mailed to him in care of his attorney, Heather Freeman, Law Office of Heather Freeman, PLLC, Post Office Box 13962, Tallahassee, FL  32308.

---

[2] In Ratliff, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff appears to have done in the instant case (*see* ECF No. 22 at 4).

Case No. 5:16cv107/LAC/EMT

At Pensacola, Florida, this 4th day of January 2018.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.